# United States District Court
### Eastern District of North Carolina
### Western Division

Case No. 5:17-CT-3119

(To be filled out by Clerk's Office only)



**FILED**

MAY 0 2 2017

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Thomas T. Dillard, Jr.

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number NCDPS
Opus No. 0108182

-against-

Frank Perry;  W. David Guice;
George Solomon;  Paula Y. Smith;
Marshall Pike;  Jasmine T. Belyeu;
Jonnita E. Baker; Howard Delk;

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

# COMPLAINT

*(Pro Se Prisoner)*

Jury Demand?
☒ Yes
☐ No

---

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Case 5:17-ct-03119-D    Document 1    Filed 05/02/17    Page 1 of 73

A. Barnes;
Gail Bieber;
S. White;
Mike Slagle;
Thomas E. Asbell, II;
___ Tomlinson;
Jason Penland;
D. Gibbs;
Paula S. Page;
Claudia Jones;
J. Driggers;
C. Haynes;
G. Garner;
___ Bullis;
F. Speer;
___ Melton;
___ Umesi;
___ Wolfe;
Rashia Norman;
Crissy H. Smith;
P. Kirby;
B. Lide;
___ Hughes;
___ Rudisill;
Carrie Tucker;
Kristie B. Stanback;

Litonya Carter;
___ Joyner;
Mike Ball;
Cynthia O. Thornton;
Sheila Greene;
K. Dalrymple;
Lauren Harrell;
C. Hernandez;
David May, Jr.;
Tim Jones;
___ Buchanan;
___ Vaughn;
___ Crowe;
___ Green;
___ Pittman;
Hope Smith;
Francesca Shon;
___ Buchanan;
Scarlett Aswell;
P.G. Cheisawn;
___ Nivens;
L. Norris;
J.G. Duckworth;
J. Cannon;
Gary Junker;
Jeffrey Fields;

G. Crutchfield;

T. Lockamy;

T. Deal;

___ Gil;

___ Webb;

Nicole Spruell;

___ Steward;

___ Lightsey;

K. Fairley;

Georgia S. Bryant;

___ Garner;

Erik A. Hooks;

John/Jane Doe Pharmacy Supervisor, 2011-2016;

John Doe MD; BCCI/3810, 2013;

John/Jane Doe Medical/Nursing Supervisor, MVCI/4855,
    2012-2013;

John/Jane Doe Medical/Nursing Supervisor, PCI/4850, 2013;

John/Jane Doe Medical/Nursing Supervisor, GCI/4140, 2016;

John/Jane Doe Correctional Case Manager, HCI/3805,
    2011-2012;

John/Jane Doe Social Worker, HCI/3805, 2011-2012;

John/Jane Doe Social Worker, PCI/4850, 2013;

John/Jane Doe Social Worker, GCI/4140, 2016;

John/Jane Doe Nurse, AMCI/4680, 2014;

John/Jane Doe Transfers Coordinator, NCDPS/DAC/PS, Raleigh,
    2012-2015;

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

[x]    42 U.S.C. § 1983 (state, county, or municipal defendants)

[ ]    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

[ ]    Action under Federal Tort Claims Act (federal defendants)

## II.    PLAINTIFF INFORMATION

Thomas T. Dillard, Jr.
Name

NCDPS Opus No. 0108188
Prisoner ID #

Hoke Correctional Institution /4380
Place of Detention

243 Old NC 211
Institutional Address

Raeford, NC                                            28376
City                              State                    Zip Code

## III.    PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

[ ]    Pretrial detainee    [ ] State    [ ] Federal
[ ]    Civilly committed detainee
[ ]    Immigration detainee
[x]    Convicted and sentenced state prisoner
[ ]    Convicted and sentenced federal prisoner

Case 5:17-ct-03119-D    Document 1    Filed 05/02/17    Page 5 of 73

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    FRANK PERRY
                Name

                SECRETARY, NCDPS
                Current Job Title

                512 North Salisbury Street; 4202 MSC
                Current Work Address

                Raleigh              NC           27699-4202
                City                 State        Zip Code

                Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 2:    W. David Guice
                Name

                Commissioner Of Correction; NCDPS
                Current Job Title

                831 West Morgan Street; 4260 MSC
                Current Work Address

                Raleigh              NC           27699-4260
                City                 State        Zip Code

                Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Case 5:17-ct-03119-D    Document 1    Filed 05/02/17    Page 6 of 73

**Defendant(s) Continued**

Defendant 3:    GEORGE Solomon
               Name

               DIRECTOR OF PRISONS; NCDPS/DAC/PS
               Current Job Title

               831 WEST MORGAN STREET; 4260 MSC
               Current Work Address

               RALEIGH         NC         27699-4260
               City               State          Zip Code

               Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 4:    Paula Y. Smith
               Name

               DIRECTOR OF HEALTH SERVICES; NCDPS/DAC/PS
               Current Job Title

               831 WEST MORGAN STREET; 4278 MSC
               Current Work Address

               RALEIGH         NC          27699-4278
               City               State          Zip Code

               Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

DEFENDANT 5:   Marshall Pike
                   Chief Of Programs Services; NCDPS/DAC/PS
                   831 WEST MORGAN STREET; 4260 MSC
                   RALEIGH, NC   27699-4260
       Being sued in <u>both</u> official and individual capacity

DEFENDANT 6:  JASMINE T. BELYEW
            GRIEVANCE EXAMINER; NCDPS IGRB
            831 WEST MORGAN STREET; 4207 MSC
            RALEIGH, NC 27699-4207
        Being sued in <u>both</u> individual and official capacity

DEFENDANT 7:  JONNITA E. BAKER
            GRIEVANCE EXAMINER; NCDPS IGRB
            831 WEST MORGAN STREET; 4207 MSC
            RALEIGH, NC 27699-4207
        Being sued in <u>both</u> individual and official capacity

DEFENDANT 8:  Howard BELK
            Coordinator, Classification and Custody;
            NCDPS/DAC/PS
            831 WEST MORGAN STREET; 4260 MSC
            RALEIGH, NC 27699-4260
        Being sued in <u>both</u> individual and official capacity

DEFENDANT 9: A. BARNES
            Divisional ADA Coordinator; NCDPS/DAC/PS
            831 WEST MORGAN STREET; 4260 MSC
            RALEIGH, NC 27699-4260
        Being sued in <u>both</u> individual and official capacity

DEFENDANT 10: Litonya Carter
ADA Compliance Specialist; NCDPS/DAC/PS
831 West Morgan Street; 4260 MSC
Raleigh, NC 27699-4260
Being sued in both individual and official capacity

DEFENDANT 11: Gail Bieber
ADA Compliance Specialist; NCDPS/DAC/PS
831 West Morgan Street; 4260 MSC
Raleigh, NC 27699-4260
Being sued in both individual and official capacity

DEFENDANT 12: ___ Joyner
Correctional Administrator; HCI/3805
1210 E. McNeil Street; P.O. Box 1569
Lillington, NC 27546-1569
Being sued in both individual and official capacity

DEFENDANT 13: S. White
Correctional Administrator; MVCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in both individual and official capacity

DEFENDANT 14: Mike Ball
Correctional Administrator; AMCI/4680
600 Amity Park Road
Spruce Pine, NC 28777
Being sued in <u>both</u> individual and official capacity

DEFENDANT 15: Mike Slagle
Correctional Administrator; MVCI/4655
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in <u>both</u> individual and official capacity

DEFENDANT 16: Cynthia O. Thornton
Correctional Administrator; HCI/3805
1210 E. McNeil Street; P.O. Box 1569
Lillington, NC 27546-1569
Being sued in <u>both</u> individual and official capacity

DEFENDANT 17: Thomas E. Asbell, II.
Correctional Administrator; GCI/4320
2699 Highway 903N; P.O. Box 39
Maury, NC 28554-0039
Being sued in <u>both</u> individual and official capacity

DEFENDANT 18: Sheila Greene
            Western Region ADA Compliance Specialist;
            NCDPS/DAC/PS
            613 Harper Avenue
            Lenoir, NC 28645
      Being sued in both individual and official capacity

DEFENDANT 19: ___ Tomlinson
            Assistant Superintendent, Programs; HCI/3805
            1210 E. McNeil Street; P.O. Box 1569
            Lillington, NC 27546-1569
      Being sued in both individual and official capacity

DEFENDANT 20: K. Dalrymple
            Assistant Superintendent, Programs; BCCI/3510
            P.O. Box 310
            Polkton, NC 28135-0310
      Being sued in both individual and official capacity

DEFENDANT 21: Jason Penland
            Assistant Superintendent, Programs; AMCI/4680
            600 Amity Park Road
            Spruce Pine, NC 28777
      Being sued in both individual and official capacity

DEFENDANT 22: Lauren Harrell
            Assistant Superintendent, Programs; PCI/4850
            601 North Third Street
            Bayboro, NC 28515
      Being sued in both individual and official capacity

Defendant 23: D. Gibbs

Assistant Superintendent, Programs; MVCI/4855

545 Amity Park Road

Spruce Pine, NC 28777

Being sued in <u>both</u> individual and official capacity

Defendant 24: C. Hernandez

Assistant Superintendent, Custody and Operations

MVCI/4855

545 Amity Park Road

Spruce Pine, NC 28777

Being sued in <u>both</u> individual and official capacity

Defendant 25: Paula S. Page

Assistant Superintendent; Programs; GCI/4140

2699 Highway 903 N; P.O. Box 39

Maury, NC 28554-0039

Being sued in <u>both</u> individual and official capacity

Defendant 26: David May, Jr.

Assistant Superintendent, Custody and Operations;

GCI/4140

2699 Highway 903 N; P.O. Box 39

Maury, NC 28554-0039

Defendant 27: Claudia Jones

Programs Director; HCI/3510

1210 E. McNeil Street; P.O. Box 1569

Lillington, NC 27546-1569

Being sue in <u>both</u> individual and official capacity

DEFENDANT 28: Tim Jones
Programs Director; GCI/4140
2699 Highway 903 N; P.O. Box 39
Maury, NC 28554-0039
Being sued in both individual and official capacity

DEFENDANT 29: J. Deigges
Programs Director; BCCI/3510
P.O. Box 310
Polkton, NC 28135-0310
Being sued in both individual and offical capacity

DEFENDANT 30: ___ Buchanan
Programs Supervisor; MVCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in both individual and official capacity

DEFENDANT 31: C. Haynes
Programs Supervisor; MVCI/4855
545 Amity Park Road
Spruce Pine, NC 28779
Being sued in both individual and official capacity

DEFENDANT 32: ___ Vaughn
Programs Supervisor; MVCI/4855
545 Amity Park Road
Spruce Pine, NC 28777

DEFENDANT 33: G. GARNER
        Unit Manager, Oriental Unit; PCI/4850
        601 North Third Street
        Bayboro, NC 28515
    Being sued in <u>both</u> individual and official capacity
DEFENDANT 34: ___ Crowe
        Unit Manager, Avery Unit; AMCI/4680
        600 Amity Park Road
        Spruce Pine, NC 28777
    Being sued in <u>both</u> individual and official capacity
DEFENDANT 35: ___ Bullis
        Unit Manager, East Unit; MNCI/4855
        545 Amity Park Road
        Spruce Pine, NC 28777
    Being sued in <u>both</u> individual and official capacity
DEFENDANT 36: ___ Green
        Assistant Unit Manager, East Unit; MNCI/4855
        545 Amity Park Road
        Spruce Pine, NC 28777
    Being sued in <u>both</u> individual and official capacity
DEFENDANT 37: F. Speer
        Medical/Nursing Supervisor; BCCI/3510
        P.O. Box 310
        Polkton, NC 28135-0310
    Being sued in <u>both</u> individual and official capacity

DEFENDANT 38: ___ PITTMAN

        Medical/Nursing Supervisor; AMCI/4680

        600 Amity Park Road

        Spruce Pine, NC 28777

      Being sued in <u>both</u> individual and official capacity

DEFENDANT 39: ___ MELTON

        Medical/Nursing Supervisor; MVCI/4855

        545 Amity Park Road

        Spruce Pine, NC 28777

      Being sued in <u>both</u> individual and official capacity

DEFENDANT 40: Hope Smith

        Medical/Nursing Supervisor; HCI/3805

        1210 E. McNeil Street; P.O. Box 1569

        Lillington, NC 27546-1569

      Being sued in <u>both</u> individual and official capacity

DEFENDANT 41: ___ UMESI

        Medical Doctor, Central Prison Hospital

        1600 Western Boulevard

        Raleigh, NC 27602

      Being sued in <u>both</u> individual and official capacity

DEFENDANT 42: Francesca Shon

        Physicians Assistant; MVCI/4855

        545 Amity Park Road

        Spruce Pine, NC 28777

      Being sued in <u>both</u> individual and official capacity

Defendant 43: ____ Wolfe
R.N. ; MVCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in both individual and official capacity

Defendant 44: ____ Buchanan
R.N. ; MVCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in both individual and official capacity

Defendant 45: Rashia Norman
Grievance Coordinator; HCI/3805
1210 E. McNeil Street; P.O. Box 1569
Lillington, NC 27546-1569
Being sued in both individual and official capacity

Defendant 46: Scarlett Aswell
Grievance Coordinator; GCI/4140
2699 Highway 903N; P.O. Box 39
Maury, NC 28554-0039
Being sued in both individual and official capacity

Defendant 47: Crissy H. Smith
Grievance Coordinator; GCI/4140
2699 Highway 903N; P.O. Box 39
Maury, NC 28554-0039
Being sued in both individual and official capacity

DEFENDANT 48: P.G. Chrisawn

Correctional Case Manager; AMCI/4680

600 Amity Park Road

Spruce Pine, NC 28777

Being sued in <u>both</u> individual and official capacity

DEFENDANT 49: P. Kirby

Social Worker; BCCI/3510

P.O. Box 310

Polkton, NC 28135-0310

Being sued in <u>both</u> individual and official capacity

DEFENDANT 50: ___ Nivens

Correctional Case Manager; MVCI/4855

545 Amity Park Road

Spruce Pine, NC 28777

Being sued in <u>both</u> individual and official capacity

DEFENDANT 51: B. Lide

Correctional Case Manager; BCCI/3510

P.O. Box 310

Polkton, NC 28135-0310

Being sued in <u>both</u> individual and official capacity

DEFENDANT 52: L. Norris

Correctional Case Manager; PCI/4850

601 North Third Street

Bayboro, NC 28515

Being sued in <u>both</u> individual and official capacity

DEFENDANT 53: ___ Hughes
Correctional Case Manager; MWCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in <u>both</u> individual and official capacity

DEFENDANT 54: J. G. Duckworth
Correctional Case Manager; MWCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in <u>both</u> individual and official capacity

DEFENDANT 55: ___ Rudisill
Transfers Coordinator; MWCI/4855
545 Amity Park Road
Spruce Pine, NC 28777
Being sued in <u>both</u> individual and official capacity

DEFENDANT 56: J. Cannon
Correctional Case Manager; GCI/4140
2699 Highway 903 N.; P.O. Box 39
Maury, NC 28554-0039
Being sued in <u>both</u> individual and official capacity

DEFENDANT 57: Carrie Tucker
Staff Psychologist; GCI/4140
2699 Highway 903 N.; P.O. Box 39
Maury, NC 28554-0039
Being sued in <u>both</u> individual and official capacity

Defendant 58: Gary Junker

        Director Of Behavioral Health Services; NCDPS/DAC/PS

        831 West Morgan Street; 4277 MSC

        Raleigh, NC 27699-4277

    Being sued in <u>both</u> individual and official capacity

Defendant 59: Kristie B. Stanback

        Correctional Administrator II; HCI/4320

        243 Old NC 211

        Raeford, NC 28376-4020

    Being sued in <u>both</u> individual and official capacity

Defendant 60: Jeffrey Fields

        Assistant Superintendent, Custody and Operations;

          HCI/4320

        243 Old NC 211

        Raeford, NC 28376-4020

    Being sued in <u>both</u> individual and official capacity

Defendant 61: G. Crutchfield

        Assistant Superintendent, Programs; HCI/4320

        243 Old NC 211

        Raeford, NC 28376-4020

    Being sued in <u>both</u> individual and official capacity

Defendant 62: ___ Stewart

        Programs Supervisor; HCI/4320

        243 Old NC 211

        Raeford, NC 28376-4020

    Being sued in <u>both</u> individual and official capacity

Defendant 63: T. Lockamy
Medical/Nursing Supervisor; HCI/4320
243 Old NC 211
Raeford, NC 28376-4020
Being sued in <u>both</u> individual and official capacity

Defendant 64: ___ Lightsey
Medical Doctor; HCI/4320
243 Old NC 211
Raeford, NC 28376-4020
Being sued in <u>both</u> individual and official capacity

Defendant 65: T. Deal
Social Worker, LCSWA; HCI/4320
243 Old NC 211
Raeford, NC 28376-4020
Being sued in <u>both</u> individual and official capacity

Defendant 66: K. Frailey
Correctional Case Manager; HCI/4320
243 Old NC 211
Raeford, NC 28376-4020
Being sued in <u>both</u> individual and official capacity

Defendant 67: ___ Gil
Registered Nurse; HCI/4320
243 Old NC 211
Raeford, NC 28376-4020
Being sued in <u>both</u> individual and official capacity

Defendant 68: Georgia S. Bryant
                Grievance Examiner; HCI/4320
                243 Old NC 211
                Raeford, NC 28376-4020
         Being sued in both individual and official capacity

Defendant 69: ___ Webb,
                Sargeant; HCI/4320
                243 Old NC 211
                Raeford, NC 28376-4020
         Being sued in both individual and official capacity

Defendant 70: ___ Garner
                Registered Nurse; HCI/4320
                243 Old NC 211
                Raeford, NC 28376-4020
         Being sued in both individual and official capacity

Defendant 71: Nicole Spruell
                Assistant Superintendent, Programs; HCI/4320
                243 Old NC 211
                Raeford, NC 28376-4020
         Being sued in both individual and official capacity

Defendant 72: Erik A. Hooks
                Secretary, NCDPS; 2016
                512 North Salisbury Street; 4202 MSC
                Raleigh, NC 27699-4202
         Being sued in both individual and official capacity

Defendant 13: John/Jane Doe Pharmacy Supervisor, 2011-2016
        NCDPS Central Pharmacy
        2211 Schieffelin Road; 4284 MSC
        Raleigh, NC 27699-4284
    Being sued in both individual and official capacity
Defendant 14: John Doe Medical Doctor, 2013
        BOCI/3510
        P.O. Box 310
        Polkton, NC 28135-0310
    Being sued in both individual and official capacity
Defendant 15: John/Jane Doe Medical/Nursing Supervisor, 2012-2013
        MVCI/4855
        545 Amity Park Road
        Spruce Pine, NC 28777
    Being sued in both individual and official capacity
Defendant 16: John/Jane Doe Medical/Nursing Supervisor, 2013
        PCI/4850
        601 North Third Street
        Bayboro, NC 28515
    Being sued in both individual and official capacity
Defendant 17: John/Jane Doe Medical/Nursing Supervisor, 2016
        GCI/4140
        2699 Highway 903N.; P.O. Box 39
        Maury, NC 28554-0039

DEFENDANT 78: John/Jane Doe Correctional Case Manager, 2011-2012
HCI/3805
1210 E. McNeil Street; P.O. Box 1569
Lillington, NC 27546-1569
Being sued in <u>both</u> individual and official capacity
DEFENDANT 79: John/Jane Doe Social Worker, 2011-2012
HCI/3805
1210 E. McNeil Street; P.O. Box 1569
Lillington, NC 27546-1569
Being sued in <u>both</u> individual and official capacity
DEFENDANT 80: John/Jane Doe Social Worker, 2013
PCI/4850
601 North Third Street
Bayboro, NC 28515
Being sued in <u>both</u> individual and official capacity
DEFENDANT 81: John/Jane Doe Social Worker, 2016
GCI/4140
2699 Highway 903 N.; P.O. Box 39
Maury, NC 28554-0039
Being sued in <u>both</u> individual and official capacity
DEFENDANT 82: John/Jane Doe Nurse, 2014
AMCI/4680
600 Amity Park Road
Spruce Pine, NC 28777
Being sued in <u>both</u> individual and official capacity

Defendant 83: John/Jane Doe Transfers Coordinator, 2012-2015
NCDPS/DAC/PS
831 West Morgan Street; 4260 MSC
Raleigh, NC 27699-4260

Footnote: Defendants 73 - 83 shall be more properly identified during discovery procedures

Page 40 of 10

## V.  STATEMENT OF CLAIM

Place(s) of occurrence: All places and dates of occurrence are specified in particularity within the body of the Statement

Date(s) of occurrence: Of Facts, Pages 5-7 of 10, infra.

State which of your federal constitutional or federal statutory rights have been violated:

Refer to "V. Statement Of Claim, Page 5A, infra.

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

### Statement Of Facts

FACTS:

1. On 08/04/11 I was placed within the custody of the NCDPS/ DAC/PS at Central Prison, Raleigh, NC. At the time of this commitment to a term of penal continement, my medical/physical state of health was:

> Who did what to you?

A. In 2009 I had been diagnosed as "profoundly 'deaf'" by specialists of the Carolina Otolaryngology Clinic, Rocky Mount, NC, determining that I had no ability to hear with my right ear and only minimal ability to hear with my left ear. I was provided a hearing aid for my left ear, but it was determined to be inadequate and scheduled to be replaced in 2010

B. I was restricted to walking with the aid of a cane due to continuing, residual weakness and loss of mobility/ dexterity within my right leg/foot and right forearm/ hand due to two (2) mild strokes in July/August 2007 as resultant from head trauma.

C. I was taking multiple medications for multiple physical/

## V. Statement Of Claim

Plaintiff has suffered deprivation of vested rights, as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution Of The United States, by defendants acting in plain abuse of authority under color of state law to willfully and purposely:

1. Subject plaintiff to prejudicial discrimination in plain, direct violation of Title II of the Americans with Disabilities Act / Section 504 of the Rehabilitation Act of 1973;

2. Deny plaintiff reasonable accommodations as needed and/or earned and/or necessary to address valid, diagnosed and documented physical/medical disabilities; and,

3. Failed and/or refused to provide any manner of valid, administrative review to address valid complaints of prejudicial discrimination in violation of Title II ADA Rights within willful and purposeful denial, delay, and/or obstruction of valid complaints

medical problems and mental health disorders, to wit:
hypertension, high cholesterol, thyroid disorder, severe
GERD, chronic pain, and bi-polar disorder.

**What happened to you?**

D. I had undergone a comprehensive physical/medical/mental
evaluation for disability benefits under SSI and was
awaiting a formal hearing through the assistance of a
retained attorney in Rocky Mount, NC.

Upon an initial "Entry Examination" at Central Prison, my hearing
aid and cane were taken from me by NCDPS/DAC/PS Dr. ___ Umesi
"pending evaluation for need", and the majority of my medications were
discontinued and/or changed "pending further evaluation". There was
no further evaluation, and within 30 days I was moved to another
facility.

**When did it happen to you?**

2. In late-February/early-March 2011 I was transferred to the
Harnett Correctional Institution (HCI/3805) Lillington, NC.

Upon my assignment to HCI/3805 and pursuant several consultations
with medical staff over a continuing period of 12-to-16 weeks:

A. My hearing aid was returned within 30 days.

B. My cane was not returned.

C. My Prilosec was reinstated after approximately 90 days
pursuant the escalation in the severity of GERD, to wit:
highly-acidic reflux, gastric bleeding, inhalation of reflux
while sleeping reclined, inability to eat/sleep, respiratory
distress.

**Where did it happen to you?**

D. My medications for pain were adjusted and increased based
upon diagnosed need for advancing osteoarthritis and
continuing/worsening pain due to prior gunshot injuries
to my lower spine/pelvis/left hip/left knee.

I applied for several job positions routinely available to
prisoners: "meat plant", canteen operator, canteen warehouse

worker, cook/baker, TEACHER'S ASSISTANT/tutor, library worker, MAINTENANCE worker; but was DENIED/disallowed any/all placement(s) within any job position pursuant the stated REASON that my medical/physical RESTRICTIONS/disabilities did not allow me to work at any job position.

At HCI/3805 I was NEVER allowed any RECOGNITION and/or any documentation as a "disabled" prisoner nor allowed any needed accommodations for valid, diagnosed disabilities/RESTRICTIONS. I was NEVER informed of any ability to submit a DC746(A), Inmate Reasonable Accommodation Request Form (IRAR Form), nor was I EVER informed of any ability or REQUIREMENT to submit a DC410, Grievance Form, within the NCDPS Administrative Remedy Procedure, as necessary to exhaust all state REMEDIES as REQUISITE to become a member of the "class of prisoners" RECOGNIZED/REPRESENTED within the pending legal action: Bumgarner, et al. v. NCDOC, et al., 5:10-CT-3166-BO (USDC/EDNC/WD), filed to gain proper RECOGNITION and accommodations for disabled prisoners in the custody of the NCDOC (now NCDPS) pursuant Title II of the Americans with Disabilities Act/Section 504 of the Rehabilitation Act of 1973. None of this information was EVER posted on any bulletin board at HCI/3805 or made available in any other manner to properly inform prisoners of their rights pursuant the ADA or the indicated, pending legal action.

3. In late-February/early-March 2016 I was transferred to Mountain View Correctional Institution (MVCI/4855), Spruce Pine, NC, as a punitive MEASURE to remove me from HCI/3805. Upon assignment to MVCI, the medical services of said facility failed and/or refused to properly EVALUATE, validate, and document my valid, EXISTING, and previously diagnosed medical/physical disabilities; AND, willfully failed and/or refused

to provide adequate medical care and/or medications for chronic disorders and continuing medical problems associative with medical/physical disabilities. In September/October 2012 I filed formal complaint with the N.C. Board of Nursing against MVCI medical/nursing staff.

I made multiple requests for placement upon various job assignments, to wit; canteen operator, canteen warehouse worker, dog trainer, teacher's assistant/tutor, maintenance worker; but was denied any job placement within the stated reason that my medical/physical restrictions/disabilities did not allow me to be assigned to any job position.

I made multiple requests to be allowed to complete and submit a DC746(A), IRAR Form. After becoming knowledgeable of this form within a newsletter issued by N.C. Prisoner's Legal Services. MVCI posted no information upon the DC746(A), no information about ADA Rights, nor any information upon pending litigation in the Federal Court concerning disability rights of N.C. prisoners. After protracted denial and delay, I was able to eventually file a DC746(A) in June 2012, but it subsequently became "lost/misplaced".

4. In January 2013 I was transferred to the Brown Creek Correctional Institution (BCCI/3810). The medical services of said facility was again uncooperative and/or unresponsive to the extent to fail and/or refuse to properly evaluate, validate, and document my valid, existing, and previously diagnosed medical/physical disabilities; and, willfully failed and/or refused to provide adequate medical care and/or medications for chronic disorders and continuing medical problems associative with my

Page 7A of 10

medical/physical disabilities. On 10/31/13 I filed a DC410, Grievance, No. 3510-13-0637, on the failure and/or refusal of the NCDPS and BCCI to properly validate, document, and recognize my valid, medical/physical disabilities. This grievance exhausted the NCDPS Administrative Remedy Procedure (ARP) on 12/23/13. Subsequently, to the filing of this grievance I was allowed to have repairs made to my hearing aid at Cornerstone ENT, Monroe, NC. Pursuant this repair, the audiologist found that I needed a follow-up evaluation to replace an inadequate hearing aid and to further evaluate my hearing. Upon further evaluation on 09/11/13 it was <u>again</u> determined that I was "profoundly deaf" and needed replacement of my hearing aid for a "minimal ability to hear" with my left ear. Hearing ability within my right ear was found to be non-existent and irreparable.

I made multiple requests for placement upon various job assignments but was denied all requests for job placement(s) within the stated reasons that my medical/physical restrictions/disabilities did not allow me to be assigned to any job position. On 07/16/13 I filed a DC410, Grievance, to make formal complaint about willful prejudicial discrimination in the failure and/or refusal to allow me any job position because of my medical/physical disabilities and/or age. This grievance was wrongly and purposely rejected at all levels of submission in the NCDPS ARP.

On 10/31/13 I filed a DC746(A), IRAR Form, seeking needed and rightful accommodations for valid medical/physical disabilities; and, on 11/18/13 I filed an amended DC746(A) to seek other needed accommodations. It was summarily denied without examination, proper evaluation, or comment in December 2013.

Page 73 of 10

5. In January 2014 I was transferred to Pamlico Correctional Institution (PCI/4850), Bayboro, NC. Again, PCI Medical Services was uncooperative and unresponsive to the extent to fail and/or refuse to properly evaluate, validate, and document my valid, existing, and previously diagnosed medical/physical disabilities; and, willfully failed and/or refused to provide adequate medical care and/or medications for chronic disorders and continuing medical problems associative with my medical/physical disabilities.

On 01/09/14 I filed a DC-746(A), IRAR Form, to gain proper recognition as a disabled prisoner and the accommodations needed and to which I was entitled. I was purposely and wrongfully required by PCI Correctional Case Manager L. Norris to complete five (5) separate DC746(A) IRAR Forms; one(1) for each disability cited and for each accommodation sought; as "tactic" to try to discourage me from applying for ADA recognition. The majority of my requests for recognition and accommodations were summarily denied, but I was approved for access to/use of a TTY telephone and for issue of headphones with which to have an ability to actually hear radio and TV broadcasts.

On 03/21/14 I filed a DC410, Grievance, No. 4850-0-MD-14-0088, to make formal complaint about NCDPS-PCI/4850 failure and/or refusal to allow proper recognition as a disabled prisoner and the accommodations which I needed or to which I was entitled. There was no remedy/resolution allowed, and this grievance exhausted the NCDPS ARP on 06/13/14.

On 05/21/14 I filed a second (2nd) DC746(A) IRAR Form, to again seek proper recognition as a disabled prisoner and the

accommodations needed and/or to which I was entitled. This DC746(A), IRAR Form, was again summarily denied on 06/16/14. In my review of the attached Form DC927, "Evaluation Criteria For Persons Under The ADA," I attempted to communicate with PCI Assistant Superintendent-Programs/Facility ADA Coordinator, L. Harrell, upon the fact that the majority of the information on the DC927 was incorrect and/or grossly insufficient of the facts of my actual medical/physical status of valid disabilities, but there was no response. I further attempted to communicate this information to PCI CCM, L. Norris, but her response was to confiscate the DC927, stating that I was not allowed to have that particular form or access to such information.

6. Pursuant to the fact of worsened emotional/psychological health, I was transferred to the Avery Mitchell Correctional Institution. (AMCI/4680) in July 2014. Again, the situation with AMCI Medical Services was consistently the same as unresponsive and uncooperative in willful failure and/or refusal to properly evaluate, validate, and document my valid, existing, and previously diagnosed medical/physical disabilities; and, willful failure and/or refusal to provide adequate medical care and/or medications as needed for chronic disorders and continuing medical problems associative with my medical/physical disabilities. My cane was returned after more than 3 years because of the excessive degree of difficulty in mobility of stairs and steep inclines within the facility which contributed to frequent falling and worsened lack of mobility.

Again, I made multiple requests for placement upon various job assignments but was denied all requests for job placement(s) within

the stated reason that my medical/physical restrictions/disabilities did not allow me to be assigned to any job position.

I was informed by my AMCI Correctional Case Manager, — Cheisawn, that AMCI did not have a TTY telephone for the hearing impaired. He informed me that I could use his office phone, but I needed to provide a written statement to indicate I did not need a TTY telephone. I drafted a statement to indicate; "I do not need a TTY telephone if allowed to use the office phone of CCM Cheisawn." CCM Cheisawn instructed me to condense the statement to, "I do not need a TTY telephone." This was AMCI/4680 "assistance" to a prisoner who was documented as "profoundly deaf."

On 01/07/15 I submitted a DC746(A), IRAR Form, to AMCI CCM Cheisawn. There was no response and no action taken. It became "lost/misplaced."

In December 2013/January 2015 the determination was made by AMCI Medical Services PA. K D'Amico that the physical environment of AMCI/4680 was to harsh and demanding for my medical/physical disabilities and applicable restrictions, and he ordered that I be moved to a facility more compatible to my medical/physical needs.

7. On 01/15/15 I was transferred to Mountain View Correctional Institution (MVCI/4855) as an NCDPS facility which would be more appropriate for the medical/physical requirements of my disabilities and the restrictions applicable thereto. Again, the situation with MVCI Medical Services was consistently the same as unresponsive and uncooperative in failure and/or refusal to properly evaluate, validate, and document my valid, existing, and previously

diagnosed medical/physical disabilities; willful failure and/or refusal to provide adequate medical care and/or medications as needed for chronic disorders and continuing medical problems associative with my medical/physical disabilities.

The headphones, issued to me at PCI/4850 to allow me ability to hear the radio/TV, were confiscated by MVCI/4855 custody staff as "not allowed", and as "altered state property" because of repairs made for damage incurred during multiple transfers.

I was "supposedly" assigned a "Health-aide" to assist me to hear, but no one ever assisted me with anything. When I inquired of MVCI Programs Supervisor ___ Buchanan the status of a "Health-aide", I was ignored/received no response.

On 02/02/15 I filed a sixth (6th) DC746(A), IRAR form, with Programs Supervisor, ___ Buchanan. It was summarily denied on 03/13/15 without any evaluation or genuine consideration of the validity and/or extent of my medical/physical disabilities or the accommodations requested as needed.

In April 2015, I was placed in a "Geriatrics Program". On 04/16/15, I requested to withdraw from the program due to medical/physical inability to be confined to sitting upon a hard surface for 6+ hours per day. On 05/28/15, I was asked by MVCI Programs Coordinator, ___ Haynes, and MVCI CCM, ___ Hughes, if I could return to the program if allowed ability to sit on a cushioned surface and have ability to walk/move around instead of being compelled to sit. I agreed to return to the "Geriatrics Program" under those conditions. Upon

Page 7F of 10

Return to the program, I found that MVCI CCM Hughes had removed all cushioned chairs from the area and specifically forbid me from any ability to sit on a couch outside his office; or, to "disrupt" the program with "excessive" movement about the room. I withdrew from the program again on 06/13/15. On 06/23/15, I was subjected to a "Disciplinary Report" for the "Offense" of failing/refusing to report to the Geriatrics program. This "Offense" was dismissed on 07/01/15 when my medical records and all relative documentation showed that I was medically/ physically unable to participate in the program in the manner required and under the circumstances of prejudicial abuse shown by MVCI __ Hughes.

On 07/22/15, I submitted a seventh (7th) DC746(A), IRAP form, to MVCI CCM, J.G. Duckworth. It became "lost/misplaced".

During August/September 2015, I submitted several requests to MVCI Medical Services and MVCI Programs Staff to recognize the fact that I was medically/physically unable to suffer transport/ transfer by the NCDPS Transfer Bus. MVCI Medical Services and Programs Staff refused to recognize my disabilities and applicable medical restrictions. Between 09/25/15 and 11/19/15 I was subjected to retaliation by MVCI/4855 in the placement of a racist, militant, argumentative, unhygienic prisoner in my cell as a "room-mate". The situation was suppose to provoke me to violence and/or subject me to disciplinary punishment. Each time I asked for the removal of this prisoner as a problem, I was refused and informed that MVCI "Administration" would not allow him or me to be moved.

On 11/02/15, I filed a DC410, Grievance, No. 4855-2015-911,

to bring formal complaint about MVCI/4855 failure and/or refusal to recognize and document valid disabilities; and, provide necessary and needed accommodations to which I was entitled. This grievance found no remedy or resolution at any level of review. It exhausted the NCDPS ARP on 01/16/19.

8. On 12/22/15, I was transferred to the Harnett Correctional Institution/3805 (HCI/3805) as "temporarily assigned" for medical procedures to be conducted at Central Prison Hospital. HCI/3805 is a designated NCDPS "Medical Services-oriented/ Health Maintenance" facility; yet, HCI/3805 Medical Services exhibited only deliberate indifference to valid, diagnosed illness, chronic disorders, and/or medical/physical disabilities within deliberately inadequate medical care and professional negligence.

On 01/29/16 I filed a Form DC410, Grievance, No. 00310._____ to make formal complaint against HCI/3805 Medical Services for willful failure and/or refusal to provide needed medical care and/or prescribed medications as required to maintain a reasonable equilibrium within continuing and/or worsening medical problems associative with medical/physical disabilities. It was summarily rejected on 02/01/16 and returned to me on 02/03/16. On 02/03/16, I re-submitted this grievance directly to the attention of HCI Correctional Administrator Cynthia O. Thornton as an "Emergency Grievance". It was again rejected and returned to me on 02/18/16 without comment. On 02/18/16, I again submitted this grievance directly to the attention of NCDPS/DAC/PS Director Of Prisons, George Solomon. It was again rejected and returned to me on 08/29/16 without comment; however, as a direct result

Page 7H of 10

Case 5:17-ct-03119-D    Document 1    Filed 05/02/17    Page 36 of 73

of the persistent filing of this grievance and the nature and volatility of the facts of the complaint therein, I was promoted to minimum custody status on/about 08/08/16 within days of having submitted the grievance to the attention of the HCI Correctional Administrator, C.O. Thornton.

There was no attempt at HCI/3805 to recognize valid, existing, diagnosed disabilities nor any attempt to provide need accommodations for medical/physical disabilities.

9. On 08/09/16 I was transferred to the Greene Correctional Institution/4140 (GCI/4140) as an assignment to an NCDPS facility designated as a "Medical-Oriented/Health Maintenance" facility for minimum custody prisoners; yet, GCI/4140 Medical Services exhibited only deliberate indifference toward valid, diagnosed illness, chronic disorders, and/or medical/physical disabilities.

GCI/4140 Medical Services consistently failed and/or refused to provide needed recognition of and/or assistance within and/or intervention with diagnosed, documented severe allergic/asthmatic reactions related to constant exposure to second-hand smoke; with the diagnosed, documented need for a continuing therapeutic diet necessary for continuing problems related to chronic gastro-esophageal disorder (GERD); and, with the diagnosed, documented fact of being deaf.

As a direct result of the inadequacy of needed medical care/attention from GCI Medical Staff and of the willful failure and/or refusal of GCI Custody Staff to implement and enforce NCDPS Policy and Procedure, and North Carolina General Statutes

Page 7I of 10

which strictly prohibit the possession and/or use of all tobacco products and illegal drugs within any/all penal facility(ies); on 03/01/16 I submitted a Form DC410, Confidential Grievance, directly to the attention of NCDPS/DAC/PS Director of Prisons, George Solomon; and, submitted copies of same to the attention of Dr. Paula Y. Smith, Chief of Health Services, NCDPS/DAC/PS, and to the attention of Howard Belk, Coordinator for Custody and Classification, NCDPS/DAC/PS. On about 03/17/16, this "Confidential Grievance" was returned directly to BCI/4440 Staff; and, only 1 of the original 7 pages of this confidential grievance was returned to me as "REJECTED" with instruction to resubmit at BCI when my previously submitted DC410, Grievance, had completed Step 2 of the NCDPS ARP.

On 03/10/16, it was necessary for me to file a Form DC410, Grievance No. 4440-2016-ADM-01727, as an "Emergency Grievance", as a direct result of the termination of my therapeutic diet on 03/09/16, in direct conflict with continuing medical orders as necessary to address diagnosed, continuing medical/physical problems associative with chronic GERD. My submission of an "Emergency Grievance", seeking immediate attention to and correction of staff error which negatively-impacted medical/physical health, was completely disregarded as needing immediate attention and resolution and was logged within the procedure as simply an "ordinary", regular grievance which could be disregarded and delayed through administrative processes. There was no remedy or resolution offered or allowed throughout the entire grievance process. All NCDPS ARP procedures were exhausted on 04/27/16. The problems associative with my GERD worsened to a point at

Page 7J of 10

which my continuing regimen of medications did not address or control the symptoms of severe heartburn and acidic reflux on a constant basis as primarily associative with an improper diet/meal plan. My therapeutic diet was not reinstated until 07/21/16, and my daily dosage of Omeprazole was doubled on 08/25/16.

On 02/22/16 I filed a seventh (7th) DC746(A), IRAR Form, with GCI CCM, J. Cannon. On 03/04/16, I was notified by GCI CCM Cannon that I had been approved for "ADA Assignment" in recognition of the fact that I was medically/physically disabled to such extent that I was unable to participate within any full-time job or program at GCI/4140 or at any other NCDPS facility. In my approval for "ADA Assignment" I was:

A. Referred to GCI Medical Staff to determine necessary assignment of a "Health Aide/Orderly" to assist me in ability to hear as needed.

B. Allowed access to a TTY Telephone pursuant GCI Staff approval and convenience

C. Allowed headphones with which to have ability to hear TV and Radio if approved by GCI Medical Staff and/or GCI Administrative Staff

D. Allowed recognition as "Level 5 Disabled" as unable to be transported/transferred by NCDPS Transfer Bus

E. Denied any classes in sign language for the hearing impaired and/or classes in lip reading as unavailable at GCI or at any other NCDPS/DAC/PS facility

F. Allowed placement upon "Disability Gain Time" by which to

REDUCE my period of confinement pursuant the accumulation of SENTENCE REDUCTION credits to allow RELEASE from penal confinement prior to the imposed maximum SENTENCE.

G. DENIED RETROACTIVE ACCREDITATION for "Disability Gain Time" as applicable from 02/04/11-to-effective date of current placement upon "Disability Gain Time". DENIAL stated that my REQUEST was submitted after the applicable time frame which was established within the previous legal action/civil complaint: Bumgarner, et al. v. NCDOC, et al., 5:10-CT-3166-BO (USDC/EDNC/WD); however, documented facts establish that I qualify as a member of this class of plaintiffs. (Refer to Sections 2 and 3, pages 6-7A, supra) and rightfully entitled to RETROACTIVE ACCREDITATION of "Disability Gain Time" upon the approval of my seventh (7th) submission of the DC746(A), IRAR Form, and finally approved for "ADA Assignment" after more than five (5) years. The status of my medical/physical health and my ASSOCIATIVE disabilities were and continue to be RELATIVE unchanged since the advent of my confinement on 02/04/11 and have NOT so radically worsened within the short term to so dramatically warrant approval for "ADA Assignment" when placed in minimum custody at GCI.

H. Completely disregarded request for placement at a valid "smoke-free" NCDPS/DAC/PS facility in the western area of the State which would be more compatible to the needs of my documented medical/physical disabilities/limitations and within closer proximity to my established network of support from family, friends, and community as essential toward

A more successful transition to society within the midst of the challenges which are magnified for a medically/physically disabled prisoner released from long-term confinement within a repressive penal environment which has consistently subjected him to protracted prejudicial discrimination as an individual challenged by medical and/or physical disabilities.

On 04/06/16, I directed a letter to Paula Page, Assistant Superintendent, Programs, GCI/4140, as a request to re-evaluate criteria which denied retroactive accreditation of "Disability Gain Time" and delayed issue of headphones to allow ability to hear TV and radio. I sent copies of this letter and a cover letter to _____, Social Worker, GCI, and to Thomas E. Asbell, II, Superintendent, GCI. There was no response from anyone nor any action taken upon my requests.

On 04/09/16, I submitted a second (2nd) DC-410, Grievance, to make formal complaint about constant exposure to second-hand smoke as endangerment to my health within diagnosed, documented allergic/asthmatic reactions not remedied with multiple inhalers and medications. This "Grievance" was filed subsequent to the rejection of the 03/01/16 "Confidential Grievance" on 03/17/16 (No. 4140-2016-ADM-01746; Paragraph 9, subparagraph "As", pages 7I-7J of 10, supra; and, subsequent to the Step 2 response issued 04/07/16 concerning wrongful termination of therapeutic diet (No. 4140-2016-ADM-01727; paragraph 9, subparagraph "On", pages 7J-7K of 10, supra). This second (2nd) 04/09/16 "Grievance" was also rejected and returned to me by GCI Grievance Coordinator, S. Aswell, as "Too long" and as "Having too many

Attached pages to fax". Same was returned to me on 04/11/16, and I was instructed to resubmit any future grievance with no attached pages.

On 04/11/16, I submitted a third (3rd) DC-410, Grievance, No. 4140-2016-ADM-01854, to again file formal complaint about constant exposure to second-hand smoke. This grievance was accepted on 04/14/16 and exhausted the NCDPS ARP on 05/10/16 without any manner of remedy or resolution allowed at any level of the procedure. These matters were directed to the attention of Frank Perry, Secretary, NCDPS, on 05/11/16, by letter seeking intervention to correct violations of NCDPS P&P and NCGS and to correct an invalid NCDPS ARP. There was no response.

On 05/10/16, I submitted a DC-410, Grievance, No. 4140-2016-ADM-02110, seeking needed accommodations which were denied in the 03/04/16 approval to be "ADA Assigned". Same was returned on 05/12/16 as rejected by GCI Grievance Coordinator, S. Aswell. On 05/13/16, I submitted this Grievance to the direct attention of George Solomon, Director of Prisons, NCDPS/DAC/PS, and addressed copies to Litonya Carter and/or Gail Bixber, ADA Compliance Specialists, NCDPS/DAC/PS. Said 05/13/16 "Confidential Grievance" was returned to GCI/4140 staff and filed as "accepted" on 05/25/16 as No. 4140-2016-ADM-02146. This grievance exhausted the NCDPS ARP on 07/01/16 without any manner of remedy or resolution allowed at any level. This matter was directed to the attention of Frank Perry, Secretary, NCDPS, by 07/21/16 letter. There was no response. I directed these

matters to the attention of the NCDHHS/DSDHH within multiple requests for assistance/intervention, but could gain no assistance.

On 08/19/16, I addressed a letter to GCI Superintendent, Thomas E. Asbell, II., as request for advancement in minimum custody levels and program placement as authorized by NCDPS P&P. I addressed copies of this letter and cover letters to GCI CCM, J. Cannon; and, GCI Assistant Superintendent, Programs, Paula Page; and, Assistant Superintendent, Custody and Operations, David May, Jr. There was no response. On 08/22/16, I directed this matter to the attention of Howard Belk, Coordinator, Custody and Classification, NCDPS/DAC/PS; and, Marshall Pike, Chief of Programs Services, NCDPS/DAC/PS. There was no response. On 09/06/16, I directed this matter to the attention of George Solomon, Director of Prisons, NCDPS/DAC/PS; and, W. David Guice, Commissioner of Correction, NCDPS/DAC/PS; and, Frank Perry, Secretary, NCDPS. There was no response. On 09/05/16, I filed DC410, Grievance, No. 4140-2016-ADM-03183, to make formal complaint upon these matters. This grievance exhausted the NCDPS ARP on 10/10/16 without any manner of remedy or resolution allowed at any level. On 09/29/16, I re-directed this matter to the attention of Paula Page, Assistant Superintendent, Programs, GCI. There was no response. On 10/14/16, I re-directed this matter to the attention of Frank Perry, Secretary, NCDPS. There was no response.

On 10/17/16, I submitted a DC410, Grievance, No. 4140-2016-IDM-04008, seeking "Incentive Wage" for prisoners who were ADA Assigned, citing plain, prejudicial discrimination in the failure and/or refusal to allow such medically/physically/mentally disabled prisoners an incentive wage when all other comparably-assigned prisoners were allowed an incentive wage. On 10/18/16, this grievance was returned by GCI Grievance Coordinator, Crissy H. Smith, as rejected. On 10/20/16, I directed this matter to the attention of George Solomon, Director of Prisons, NCDPS/DAC/PS, as a "Confidential Grievance." On 11/07/16, a response to my filing of "Confidential Grievance" was made by Paula Page, Assistant Superintendent, Programs, GCI, and offered no manner of remedy or resolution. On 11/14/16, this matter was appealed to the direct attention of Frank Perry, Secretary, NCDPS, to exhaust the NCDPS ARP. There was no response.

1   Between the dates of 02/10/16 and 11/16/18, I directed more than fifty (50) letters to:

1. Mailroom staff, GCI
2. J. Cannon, CCM, GCI
3. Medical/Nursing Supervisor, GCI
4. Frank Perry, Secretary, NCDPS
5. W. David Guice, Commissioner of Correction, NCDPS/DAC/PS
6. Dr. Paula Y. Smith, Chief of Health Services, NCDPS/DAC/PS
7. Thomas E. Asbell, II., Superintendent, GCI
8. David May, Jr., Assistant Superintendent, Custody and Operations, GCI.

9. Canteen Supervisor, GCI

10. T. Jones, Programs Director I, GCI

11. George Solomon, Director of Prisons, NCDPS/DAC/PS

12. Marshall Pike, Chief Of Programs Services, NCDPS/DAC/PS

seeking recognition/documentation of; attention to/evaluation of/ medical care/medications/proper accommodations for valid, diagnosed, documented medical/physical disabilities and such medical/physical problems/conditions applicable thereto. All letters were disregarded.

All facts heretofore stated are supported by extensive and comprehensive documentation to verify all such facts, establish the merit of all claims, and to encompass all named-individuals as valid defendants of this civil complaint.

10. On 11/18/16, I was subjected to a "surprise" transfer to Hoke Correctional Institution/4380 (HCI/4380) as a "punitive measure"/"diesel therapy" as a direct result of the many "Grievances", letters of complaints, and letters of request submitted at GCI/4140 to address prejudicial discrimination and mistreatment of medically/physically disabled prisoners and the failure and/or refusal to allow or provide needed accommodations necessary to address problems/conditions applicable to prisoners with valid disabilities. HCI/4380 is a designated NCDPS "Medical Services-oriented/Health Maintenance" facility; yet, HCI/4380 exhibited only deliberate indifference toward valid, diagnosed illness, chronic disorders, and/or medical/physical disabilities within deliberately inadequate medical care and/or gross professional negligence.

Page 70 of 10

Subsequent to the consistent failure and/or refusal of HCI/4320 Medical Services to allow/provide needed care/accommodations for valid, diagnosed, documented chronic disorders/illnesses and/or medical/physical disabilities; as applicable to multiple submissions of DC 602s, "Sick Call Appointment Requests," between 11/18/16 and 12/12/16, on 12/26/16 I submitted a "Request" directly to the attention of HCI/4320 Assistant Superintendent, Programs; G. Crutchfield. Same was returned without response. On 12/28/16, I submitted a copy of the same "Request" to the direct attention of HCI/4320 Correctional Administrator II, K. Stanback. Same was returned without response. On 01/03/17 I directed a copy of the same "Request" to the direct attention of HCI/4320 Assistant Superintendent, Custody and Operations; J. Fields. Same was returned without response. On 12/21/16, I was allowed a "sick call" with HCI/4320 Nurse ___ Gil, RN, but needed care/accommodations for valid, diagnosed chronic disorders/illnesses and/or medical/physical disabilities were disregarded/ignored. On 12/29/16, I was allowed an "examination" by Dr. ___ Oightsey. The "examination" by Dr. Oightsey was, "I don't see where there is much I can do for you". (This is the same Dr. Oightsey who was dismissed previously from NCDOC Central Prison Hospital pursuant a finding of gross professional negligence subsequent to the death of several prisoners in his direct care as Director of Medical Services/Primary Physician; and, the same Dr. Oightsey who was later dismissed from his position as a primary care physician in the NCDOC Central Region pursuant a finding

of professional negligence in the provision of inadequate medical care to prisoners).

On 01/01/17, I submitted a DC410, Grievance, to the direct attention of NCDPS/DAC/PS Director Of Prisons, George F. Solomon, as a "Confidential Grievance" (NCDPS P&P: Chapter G; Section .0309) to file valid complaint upon abuse of authority by NCDPS Staff in acts of retaliation for valid use of the NCDPS ARP and which had placed me within unsafe and/or hazardous conditions of confinement which were wholly incompatible and/or prejudicially discriminatory in the housing of medically/physically/mentally disabled prisoners within a facility which has previously been condemned and declared to be unsuitable for continued human habitation and/or unsafe to continue to house prisoners in close confinement within environmental/safety hazards. This 01/01/17 "Grievance" was summarily rejected by NCDPS/DAC/PS Director Solomon and returned to the direct attention of HCI/4320 Staff. On 01/19/17, the 01/01/17 "Grievance" was summarily rejected upon erroneous reasoning by HCI/4320 Grievance Examiner, Georgia S. Bryant, and returned to me as Grievance No. 4320-2017-C6W-00063. On 01/20/17, I submitted this matter to the direct attention of NCDPS Secretary, Erik A. Hooks, as a request for review of the 01/01/17 "Grievance" as wrongfully rejected in abuse of authority to delay and/or obstruct valid use of the NCDPS ARP. There was no acknowledgment of nor any response to my 01/20/17 communication directed to NCDPS Secretary Hooks.

On 01/01/17, I addressed a "Request" to HCI/4380 Medical Services seeking the status of needed care/accommodations for chronic disorders/illnesses and/or medical/physical disabilities. There was no acknowledgment of nor any response to my 01/01/17 "Request."

On 01/04/17, I addressed a "Request" to the HCI/4380 Medical/Nursing Supervisor seeking to resolve problems in ability to receive batteries for my hearing aid as prescribed and needed. There was no acknowledgment of nor any response to my 01/04/17 "Request".

On 01/05/17, I addressed a "Request" to my HCI/4380 Correctional Case Manager; ___ Fairley, seeking intervention and assistance to receive needed accommodations for valid, diagnosed, documented chronic disorders/illness and/or medical/physical disabilities. There was no acknowledgment of nor any response to my 01/05/17 "Request".

On 01/09/17, I addressed a communication to the direct attention of NCDPS/DAC/PS Director of Medical Services, Dr. Paula Y. Smith, as a request for immediate intervention to address inadequate, negligent medical care and deliberate indifference toward valid, documented medical/physical disabilities and chronic medical conditions. There was no acknowledgment of nor any response to my 01/09/17 communication directed to Dr. Smith.

On 01/21/17, I submitted a DC-410, Grievance, to the direct attention of NCDPS/DAC/PS Director of Prisons, George T. Solomon, as a "Confidential Grievance" (NCDPS P&P: Chapter G;

Page 7T of 10

Section .0309) to file valid complaint upon the living conditions of medically/physically disabled prisoners and/or prisoners with chronic medical conditions housed at HCI/4380 to be so unsafe and unsuitable as to be cruel and unreasonably harsh conditions of confinement to such degree as to constitute deliberate indifference and prejudicial discrimination toward disabled prisoners. This 01/21/17 "Grievance" was summarily rejected by NCDPS/DAC/PS Director Solomon and returned to the direct attention of HCI/4380 Staff. On 02/06/17, the 01/21/17 "Grievance" was summarily rejected upon erroneous reasoning by HCI/4380 Grievance Examiner, Georgia S. Bryant, and returned to me as Grievance No. 4380-2017-C6W-00094. On 02/06/17, I received a "Memo" from HCI/4380 Assistant Superintendent, Custody and Operations; Jeffrey Fields, to summarily deny and/or disregard all issues of complaint within the 01/21/17 "Grievance" submitted to NCDPS/DAC/PS Director Solomon. Subsequently on 02/10/17, I received a "Memo" from HCI/4380 Correctional Administrator II, Kristie B. Stanback, to also summarily deny and/or disregard all issues of complaint within the 01/21/17 "Grievance" submitted to NCDPS/DAC/PS Director Solomon. On 02/10/17, I submitted these matters to the direct attention of NCDPS Secretary, Erik A. Hooks, as a request for review of the 01/21/17 "Grievance" as wrongfully rejected in abuse of authority to delay and/or obstruct valid use of the NCDPS ARP. There was no acknowledgment of nor any response to my 02/10/17 communication directed to NCDPS Secretary Hooks.

Page 7u of 10

On 01/26/17, I directed a "Memo" to my HCI/4320 Correctional Case Manager, ____ Fairley, as notification of my decision to decline participation within any prospective "Risk And Need Assessment" upon the basis of multiple, cumulative factors as developed over the previous twelve (12) months which constituted plain prejudicial discrimination toward me as a disabled prisoner and which acted in direct conflict with Trial court orders/recommendations, N.C General Statutes, and NCDPS P&P to wrongfully and illegally to delay and/or obstruct my ability to advance in minimum custody and participate in needed educational/vocational/rehabilitative/transitional/privilege programs/services. There was no acknowledgment of nor any response to my 01/26/17 "Memo" to HCI/4320 CCM Fairley. Subsequently, on 02/13/17, I directed a "Memo" to HCI/4320 Correctional Administrator II, Kristie B. Stanback, as a request for evaluation of facts which substantiate prejudicial discrimination and/or wrongful/illegal punitive measures which wrongfully delay and/or obstruct advancement in minimum custody levels and placement at an appropriate facility for necessary transitional programs/services; and, included a copy of my previous 01/26/17 "Memo" directed to HCI/4320 CCM Fairley. On 02/20/17, I received a response from HCI/4320 CAII Stanback to summarily disregard and/or dismiss my request and to refer any continued concerns to my HCI/4320 CCM Fairley. On 02/13/17, I was summoned to a meeting with HCI/4320 programs

Supervisor, ___ STEWART, in reference to my previous 01/26/17 "Memo" to HCI/4380 CCM Fairley and my 02/13/17 "Memo" to HCI/4380 CAII Stanback. HCI/4380 PS Stewart summarily disregarded my concerns/issues and stated that I was not eligible for any advancement nor any transfer for ability to participate in transitional programs/services for the fact of the previous 09/19/16 "Disciplinary Infraction" to which I was wrongfully/illegally subjected at GCI/4140; and, in concern to which a 42 USC § 1983 civil complaint was filed with the Federal Court (Dillard v Perry, et al., 5:16-CT-3389-FL (USDC/EDNC/WD, 12/08/16)), effecting my transfer to HCI/4380 in direct retaliation as a "punitive measure"/"diesel therapy". On 02/24/17, I directed these matters to the direct attention of NCDPS/DAC/PS Chief of Programs Services, Marshall Pike, as a request for intervention and assistance to address and correct prejudicial discrimination and/or wrongful/illegal delay and/or obstruction of advancement in minimum custody levels and ability to participate within necessary educational/vocational/rehabilitative/privilege programs essential toward established transitional needs. There was no acknowledgment of nor any response to my 02/24/17 communication directed to NCDPS/DAC/PS CPS Pike.

On 01/27/17, I ascertained that items of my personal mail were being diverted by HCI/4380 Mailroom Staff to my HCI/4380 CCM, K. Fairley, without any manner of notice to me, as required by NCDPS P&P: Chapter D; Section .0302.

On the same date, 01/27/17, I directed a "Request" to the attention of HCI/4320 C.A.II Stanback to inquire upon how/why my mail was being directed to my HCI/4320 CCM, K. Fairley, without notices as required by NCDPS P&P. An 01/30/17 response from HCI/4320 CA II Stanback informed me that I had received my Medicare Card from the USDHHS, as applicable to my previous filing for SSA Retirement Benefits and for SSA SSI Benefits in December 2016. On 02/03/17, I directed a responsive "Memo" to HCI/4320 CA II Stanback to further emphasize the applicability of NCDPS P&P: Chapter D; Section .0309, which required that I be allowed notification in the event of any diversion of my mail. I also offered additional clarity upon my reasons for applying for SSA Retirement Benefits, SSA SSI Benefits, and issue of my Medicare/Medicaid card(s) for the purpose of seeking to establish an "outside" primary care physician through/by whom I could receive more adequate medical/dental/optometric/specialty care as needed; and, to obtain more adequate attention to/care and/or accommodations for valid, diagnosed, documented medical/physical disabilities and/or chronic medical conditions which NCDPS Medical Services had failed and/or refused to properly and adequately address or recognize for more than five (5) years. I further informed HCI/4320 CA II Stanback that NCDPS P&P: Chapter E; Section .0703, and additional applicable sections of NCDPS P&P, authorized me to seek and/or

obtain "outside" medical care as a minimum custody prisoner, pursuant approval of the facility administrator. On 02/03/17, I received a responsive "Memo" from HCI/4320 CAII Stanback to refer me to HCI/4320 Social Worker, T. Deal, LCSWA. On 02/14/17, I received a "Memo" from HCI/4320 Social Worker; T. Deal, LCSWA, to inform me that I could not receive assistance toward "outside" medical care until I was within 60-90 days of release as "aftercare planning". On 02/15/17 I directed a responsive "Memo" to HCI/4320 Social Worker, T. Deal, to further clarify the fact that NCDPS P&P authorized my ability to seek and receive health care from an "outside" public provider upon the approval of the facility administrator; especially, when it is established that NCDPS Medical Services has failed and/or refused to provide reasonably adequate medical care, as shown within my medical records over a period of more than five (5) years. On 02/20/17, I directed a "Memo" to HCI/4320 CAII, K. Stanback, as response to her 02/03/17 "Memo" and to provide a copy of my 02/15/17 "Memo" to HCI/4320 Social Worker, T. Deal, LCSWA. I reiterated the valid need to seek and receive "outside" medical care and provided ten (10) attachments of documents to substantiate the fact that HCI/4320 Medical Services had failed and/or refused to provide reasonably adequate medical care; and, had evidenced negligence and deliberate indifference toward valid, diagnosed, documented medical/physical disabilities and

chronic medical disorders/illnesses. On 02/21/17, I received
a responsive "Memo" from HCI/4320 CAII Stanback
which returned all attachments with my previous 02/20/17
"Memo" and which disregarded all issues/concerns directed
to her attention. On 02/21/17, I directed a responsive
"Memo" to HCI/4320 CAII Stanback, as a "follow-up" to
my previous 02/20/17 "Memo" and her 02/21/17 "Memo", to
evidence to her further, continuing professional negligence
and deliberate indifference by HCI/4320 Medical Services
in plain failure and/or refusal to provide needed care
and/or medications for valid medical/physical disabilities
and/or chronic medical conditions; and, to enclose a copy
of a DC-410 "Grievance" filed against HCI/4320 Medical
Staff that same date, 02/21/17.

   On 02/21/17, I submitted a DC-410, Grievance, by placing
same in the facility "Mailbox", to file valid complaint about
abuse of authority and abusive conduct by HCI/4320
Nurse ___ Gil, RN. Said "Grievance" was not acknowledged
as "received" until 02/27/17 - 6 days later - by HCI/4320
Sgt. ___ Webb. Delay and/or obstruction of this "Grievance"
for 6 days is in direct conflict with NCDPS P&P:
Chapter G; Section .0307. On 03/08/17, the 02/21/17
"Grievance" was returned to me as "rejected" by
HCI/4320 Grievance Examiner, Georgia S. Bryant.
The erroneous "justification" for rejection of said grievance
was stated as "more than one incident on grievance".
(02/21/17 Grievance No. 4320-2017-C6W-00133). On

03/02/17, I submitted the 02/21/17 Grievance to the direct attention of NCDPS/DAC/PS Director of Prisons, George T. Solomon, as a "Confidential Grievance", pursuant NCDPS P&P: Chapter G: Section .0309, to file valid complaint of abuse of authority in the wrongful delay and/or obstruction of ability to file and proceed with a valid grievance within the NCDPS ARP. On 03/14/17, said "Confidential Grievance" submitted to NCDPS/DAC/PS Director Solomon was returned as summarily rejected without comment. On 03/14/17, I submitted the 02/21/17 Grievance to the direct attention of NCDPS Secretary, Erik A. Hooks, as a request for review of grievance as erroneously and wrongfully rejected in plain abuse of authority and/or delay and/or obstruction of valid use of the NCDPS ARP. There was no acknowledgment of nor any response to my 03/14/17 communication directed to NCDPS Secretary Hooks.

On 02/21/17, I received a "Memo" from HCI/4320 Social Worker, T. Deal, LCSWA, in response to my previous 02/15/17 "Memo" to further explain and justify my need to seek and receive "outside" medical care as applicable to filing for SSA benefits. The 02/21/17 response from HCI/4320 Social Worker Deal was to simply disregard my registered concerns about inadequate medical care and my need to seek and receive "outside" medical care.

On 02/22/17, I received a "Memo" from HCI/4320 C.A. II Stanback to simply disregard my previous 02/21/17 "Memo" submitted with a copy of the 02/21/17 Grievance. The response of HCI/4320 C.A. II Stanback was to simply disregard all further

Page 7AA of 10

evidence showing professional negligence and deliberate indifference by HCI/4320 Medical Services; and, disregarded valid complaint of abuse of authority and abusive conduct committed by HCI/4320 Medical Staff. On 02/22/17, I submitted a responsive "Memo" to the direct attention of HCI/4320 CAII Stanback as follow-up to my previous 02/21/17 "Memo"; as follow-up to the 02/21/17 filing of the DC4IO Grievance against HCI/4320 Medical Staff and the applicable erroneous rejection of same by HCI/4320 Grievance Examiner, Georgia S. Bryant; and, as follow-up to HCI/4320 CAII Stanback's 02/22/17 "Memo". On 03/10/17, I received a responsive "Memo" from HCI/4320 CAII Stanback to simply disregard and/or deny the validity of all matters submitted to her attention.

On 02/27/17, I submitted a communication to the direct attention of NCDPS/DAC/PS ADA Compliance Specialists, Litonya Carter and/or Gail Bieber, as a request for immediate intervention and assistance to have ability to receive needed accommodations for valid, diagnosed and documented medical/ physical disabilities and for chronic medical disorders/illnesses. There was no acknowledgment of nor any response to my 02/27/17 communication directed to NCDPS/DAC/PS ADA Compliance Specialists Carter and/or Bieber.

On 02/27/17, I submitted a "Memo" to the direct attention of HCI/4320 CAII Stanback as a follow-up to my previous 01/30/17 "Memo" and again seeking attention to and correction of living conditions within the environment which worsened problems associative with medical/physical disabilities and with chronic

Page 7BB of 10

medical conditions/illnesses. THERE WAS NO acknowledgment of nor any response to my 01/30/17 or my 02/27/17 "Memo" directed to HCI/4320 CAII Stanback.

On 02/27/17, I directed a "Memo" to the direct attention of HCI/4320 CAII STANBACK as a follow-up to previous communications seeking ability to receive needed medical care/medications. On 03/09/17, I received a responsive "Memo" from HCI/4320 CAII Stanback to inform me that she had REFERRED my "Medical Concerns" to HCI/4320 Medical/Nursing Supervisor, Tammy Lockamy, whereby my medical concerns should be appropriately addressed.

On 02/28/17, I submitted a "Memo" to the direct attention of HCI/4320 Assistant Superintendent, Custody and Operations, Jeffrey Fields, as a request to restore/repair cable TV service to "C-Unit" to allow ability to receive TV audio through the radio, as essential for hearing disability. THERE WAS NO acknowledgment of nor any response to my 02/28/17 "Memo" directed to HCI/4320 Assistant Superintendent Fields.

On 03/06/17, I submitted a "Memo" to the direct attention of HCI/4320 Social Worker, T. DEAL', LCSWA, as request for assistance with in obtaining needed accommodations for valid, diagnosed, documented medical/physical disabilities and/or for chronic medical disorders/illnesses. On 03/06/17, I received a responsive "Memo" from HCI/4320 Social Worker DEAL to disregard all requests by referral to HCI/4320 Medical Services and to my HCI/4320 CCM, all of whom had previously failed and/or refused to provide/allow needed accommodations for

medical/physical disabilities, HCI/4320 Social Worker Deal did state that a "TTY Machine was ordered", indicating that no such machine had previously been present or available at a facility designated as "appropriate" to house hearing-impaired prisoners.

On 03/10/17, I submitted a "Memo" to the direct attention of HCI/4320 CA II, K. Stanback, requesting that HCI SOP be made to comply with NCDPS P&P to address conditions which constituted a situation of enforced sleep deprivation. The 03/15/17 responsive "Memo" from HCI/4320 CA II Stanback was to simply disregard or deny all issues brought to her attention.

On 03/15/17, I submitted a communication to the direct attention of NCDPS/DAC/PS Chief of Health Services, Dr. Paula Y. Smith, as a request for immediate intervention to address inadequate, negligent, and/or deliberately indifferent medical care. There was no acknowledgment of nor any response to my 03/15/17 communication directed to NCDPS/DAC/PS Chief of Health Services, Dr. Smith.

On 03/15/17, I submitted a "Memo" to the direct attention of HCI/4320 CA II, K. Stanback, as a request to address the situation of no heat in the C-Dorm living area, to address circumstances which worsened the problem of no heat, and to address continuing problems contributing to enforced sleep deprivation and to continuing respiratory distress from asthma/allergy related chronic illness. The 03/22/17 responsive "Memo" from HCI/4320 CA II Stanback was to simply disregard issues, to deny issues, and/or to state lack of knowledge of issues.

As follow-up to an 03/08/17 visit with HCI/4320 Nurse, _____ Garner, Chronic Illness Clinic, I submitted an 03/15/17 "Memo" to her attention seeking assistance/care applicable to diagnosed, documented chronic medical conditions/illnesses/ disorders. At a subsequent 03/17/17 visit with HCI/4320 Nurse Garner, I was informed that my 03/15/17 "Memo" and requests should be addressed to HCI/4320 Medical/Nursing Supervisor, T. Lockamy. On 03/17/17, I re-submitted my requests as a "Memo" to the direct attention of HCI/4320 Medical/Nursing Supervisor Lockamy, seeking immediate attention to renewal of prescriptions for needed medications for chronic pain, chronic GERD, and asthma/chronic allergies. On 03/22/17, I was allowed a "sick call" with an HCI/4320 Nurse, _____, and referred to a subsequent visit with a PA for renewal of prescriptions. On 03/23/17, I was allowed a visit with the HCI/4320 PA and allowed renewal of my prescriptions for chronic pain and chronic GERD.

On 03/20/17, I submitted a "Memo" to the direct attention of HCI/4320 CAII, K. Stanback, requesting correction of activities in C-Dorm which constituted enforced sleep deprivation and which caused constant respiratory distress within asthmatic/ allergic reactions from constant exposure to second-hand smoke. The 03/23/17 responsive "Memo" from HCI/4320 CAII Stanback was to simply refer all issues to HCI/4320 Custody Staff for appropriate action to be taken. No issues were addressed and no action was taken to correct any activities reported.

Page Tee of 10

On 03/22/17, I was summoned to the presence of HCI/4380 Sgt. ___ Webb and informed that a "TTY Machine" had arrived at the facility and I would be contacted by "Custody" as to establish a day and time to make a telephone call. On 03/24/17, I was summoned to the presence of HCI/4380 Correctional Case Manager, K. Fairley, and instructed that I would be allowed one(1) call per week, and I should designate a day and time to use the "TTY Machine" in her office. Prisoners who are not hearing-impaired are allowed unlimited use of the telephone between 8:00 AM and 11:00 PM, seven(7) days a week, at HCI/4380.

On 03/27/17, I submitted a "Memo" to the direct attention of ___ Garner, RN; Chronic Illness Clinic, HCI/4380, in request for assistance to be moved to a valid, smoke-free living area to allow relief from constant respiratory distress. There was no acknowledgment of nor any manner of response to my 03/27/17 "Memo" submitted to HCI/4380 Nurse Garner.

On 04/03/17, I submitted a "Memo" to the direct attention of HCI/4380 CA II, K. Stanback, in question of why I could not be allowed to move to a valid, smoke-free living area. There was no acknowledgment of nor any manner of response to my 04/03/17 "Memo" directed to HCI/4380 CA II Stanback.

On 04/03/17, I submitted a "Memo" to the direct attention of HCI/4380 CCM, K. Fairley, to inform her that I declined use of a TTY telephone within imposition of restrictions and limitations which applied only to a hearing-impaired prisoner. Also on 04/03/17, I submitted a "Memo" to the

direct attention of HCI/4320 Assistant Superintendent; Programs, Nicole Spruell, to also inform her that I declined use of a TTY Telephone within the imposition of restrictions and limitations which applied only to a hearing-impaired prisoner. There was no acknowledgment of nor any manner of response to my 04/03/17 "Memo" submitted to HCI/4320 CCM, Fairley nor to my 04/03/17 "Memo" submitted to HCI/4320 Assistant Superintendent Spruell.

On 04/07/17, I submitted a letter to the direct attention of NCDPS Secretary, Erik A. Hooks, as a request for evaluation of continuing pattern of problems at HCI/4320 and for immediate intervention to address and correct all situations found to be in violation of/conflict with NCGS, NCDPS standards of professional ethics and conduct, and/or NCDPS P&P. On the same said date, 04/07/17, I submitted the same request to the direct attention of NCDPS/DAC/PS Commissioner of Correction, W. David Guice, and enclosed a copy of the 04/03/17 letter directed to NCDPS Secretary Hooks.

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?   ☒ Yes   ☐ No

    If no, explain why not:

N/A

Is the grievance process completed?   ☒ Yes   ☐ No

    If no, explain why not:

N/A

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Plaintiff would RESPECTfully pray for:

A. DECLARATORY RELIEF:

    1.  To declare that all named defendants, in both individual and official capacity, have subjected plaintiff to a continuing pattern of wrongful and/or illegal prejudicial discrimination in plain violation of, but not limited to, Title II of the Americans with Disabilities Act/Section 504 of the

Rehabilitation Act of 1973, in such willful and purposeful manner as to deprive plaintiff of vested rights, protected and preserved by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States;

2. To declare plaintiff's complaint to be certified as a class action to represent all applicable prisoners of the NCDPS who have been properly determined to be and who shall be properly determined to be medically and/or physically and/or mentally disabled by application of ADA Guidelines;

3. To declare that any judgment entered in resolution of plaintiff's complaint shall supercede and void any/all terms of the 07/30/13 Settlement Agreement entered in Bumgarner, et al. v NCDOC, et al., 5:10-CT-3166-BO (USDC/EDNC/WD); whereby, to find such "Settlement Agreement" to be void ab initio pursuant a finding of a preponderance of facts which establish that NCPLS, Inc., failed to adequately represent, protect, and/or preserve the best interests of the applicable "class" represented by Bumgarner, et al., supra; and, that the NCDPS willfully and purposely failed and/or refused to exercise any reasonably good faith to comply with the terms of the 07/30/13 "Settlement Agreement," as entered in Bumgarner, et al., supra;

4. To declare that plaintiff's complaint be necessarily joined with plaintiff's previous filing of complaint; Dillard v Perry, et al., 5:16-CT-3389-FL (USDC/EDNC/RD, 12/08/16), pursuant Rule 18(a) and/or Rule 19(a), FRCivP.;

5. To declare all "medical fees" taxed against plaintiff by the NCDPS since 08/04/11 to be void ab initio;

6. To declare all "Disciplinary Procedures", and all "Administrative Fees" applicable therefrom, filed against plaintiff by the NCDPS since 08/04/11 as directly applicable to the established failure and/or refusal of the NCDPS to allow/provide recognition of/accommodations for valid medical/physical disabilities/ chronic disorders and/or allow/provide appropriate and/or necessary medical care;

7. To declare that plaintiff's 11/18/16 transfer from GCI/4140 to HCI/4380 was a plain, direct act of retaliation for plaintiff's multiple filings of "Grievances" within the NCDPS ARP; the filing of Dillard v NCDPS, 16 OCR 1575 (USDOJ/OJP/OCR, 04/04/16); and, the preparations for the filing of Dillard v Vester, et al., 16 CvS ____ and this complaint;

8. To declare that the physical living conditions in which plaintiff has been confined and in which he remains to be confined as a medically/physically disabled prisoner constitute such willful non-compliance with the guidelines/ standards/regulations/rules established within/by the ADA and/or the USDOJ as to be tantamount to cruel and unusual conditions of confinement which require the immediate closure of GCI/4140, HCI/4380, and any/ all other such NCDPS "Medically-Oriented / Health Maintenance" facilities;

Page 8 of 10

9. To declare that the willful failure and/or refusal of the NCDPS to allow "ADA Assigned" prisoners ability to earn incentive wage is prejudicially discriminatory;

10. To declare that the NCDPS wrongfully and/or illegally failed and/or refused to properly recognize, document and validate plaintiff as medically/physically disabled upon his initial commitment to NCDPS custody on 08/04/11; and, have wrongfully and/or illegally failed and/or refused to properly allow plaintiff accreditation of "disability gain time" as sentence reduction credits by which to allow plaintiff full and fair ability to accrue same since 08/04/11 to be allow reasonable opportunity for release from confinement upon his projected "minimum release date";

B. Injunctive Relief:

1. To allow immediate issue of a Temporary Restraining Order; pending proceedings upon entry of preliminary and/or permanent injunction, to restrain defendants from:

A. Continuing to house plaintiff within such cruel and unreasonably harsh conditions of confinement found prevalent at HCI/4380, or at any other NCDPS facility which is not fully inspected and accredited to comply with ADA Guidelines to properly address the needs and requirements of his valid, diagnosed, and documented disabilities; and, which does not allow/ provide necessary accommodations and/or programs needed to address medical/physical disabilities;

Page 8c of 10.

B. Any/all further inner-facility movements and/or transfers to other NCDPS facilities as "punitive measures";

C. Any/all manner of any further delay, diversion, and/or obstruction in the posting and/or receiving any/all item(s) of mail

D. Any/all conditions/circumstances of confinement which unreasonably serve to discourage, delay, and/or obstruct access to the courts in any such manner as to prejudice plaintiff's ability to adequately litigate pending actions;

E. Any/all inspection, confiscation, forced-storage, and/or destruction of any/all documents within plaintiff's possession and applicable to any pending action, any action in preparation, and/or research documents applicable thereto;

F. Any/all further delay and/or obstruction in plaintiff's immediate advancement within minimum custody status; placement at an appropriate NCDPS facility for immediate participation within privileged programs; and, immediate placement in programs conducive to the needs/requirements of transition toward and subsequent to release from confinement; and,

2. Schedule proceedings to be held within ten (10) days of issue of any temporary restraining order whereby to entertain further evidence and argument upon the appropriate entry of preliminary and/or permanent injunction against defendants for such Good Cause

shown to be conjunctive and cumulative with, and/or subsequent to such Just Cause established for issue of temporary restraining order;

C. Compensatory Relief:

1. To reimburse plaintiff for any/all medical and/or administrative fees paid to the NCDPS since 08/04/11;

2. To compensate plaintiff in the amount of $1.00 per day in "incentive wages" for each/every day he has been allowed "ADA Assignment" and/or for each/every day he was rightfully/legally entitled to "ADA Assignment" upon and since his 08/04/11 date of commitment to NCDPS custody;

3. To reimburse plaintiff for any/all personal expenditures for any/all costs attributable to purchase of photocopies, postage, writing materials, pens, research materials, etc., as essential toward and within the litigation of this action;

D. Punitive Relief:

1. To allow plaintiff $1.00 per day, from each and every defendant, for each day he was wrongfully/illegally disallowe "ADA Assignment" and/or wrongfully/illegally removed from "ADA Assignment";

2. To allow plaintiff $100.00 per day, from each and every defendant, for each day he suffered punitive assignment to HCI/4380 subsequent to transfer from GCI/4140 to HCI/4380 as an unlawful/wrongful "punitive measure" on 11/18/16;

3. To allow plaintiff $100.00 per day, from each and every

defendant, for each day he was wrongfully/illegally disallowed advancement in custody status; Ability to transfer to an appropriate facility for transitional programs; and, ability to participate within needed/necessary rehabilitative/educational/vocational/jobs/programs due to prejudicial discrimination toward medically/physically disabled prisoners;

4. To allow plaintiff an appropriate punitive award for undue suffering of cruel and unusual punishment; Abuse of a medically/physically disabled person; and, infliction of mental anguish applicable thereto:

E. Order an immediate inspection and evaluation of all NCDPS facilities designated to house medically/physically/mentally disabled prisoners and/or prisoners with chronic medical disorders; whereby, to properly determine and document conditions of confinement of said "class of prisoners" as applicable to such standards/requirements/rules/regulations established by/within ADA Guidelines and/or the USDOJ/OJP/OCR;

F. Allow appointment of counsel as applicable and appropriate for a plaintiff shown to be a victim of a continuing pattern of flagrant, prejudicial discrimination as a disabled prisoner; flagrant abuse of a disabled and elderly prisoner; and, flagrant abuse of authority under color of state law to commit willfully, wrongful and/or illegal acts of discrimination, abuse, and/or retaliation in a manner to willfully and purposely

inflict harm, prejudice, and/or punishment upon a disabled prisoner;

F. Allow plaintiff to file and proceed in forma pauperis in this civil complaint for such factual basis and good cause as is plainly evidenced within his companion submission of "Application To Proceed In District Court Without Prepaying Fees Or Costs.";

G. Tax all costs of this action against defendants, inclusive of any/all applicable Attorney's Fees and all costs as might have previously been taxed to plaintiff's ability to proceed in forma pauperis; and,

H. Allow all such other and further relief as would be deemed Just and Proper to better establish, insure, and enforce the rights of the disabled and/or elderly within the penal environment.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?    ☒ Yes    ☐ No

If yes, how many?    Eleven (11)

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

1. Dillard v Phillips, et al., A-C-87-314: 42 USC § 1983 complaint filed within the USDC/WDNC/AD raising issues concerning cruel and unusual conditions of confinement at the Haywood County Jail; voluntary dismissal upon settlement favorable to plaintiff

2. Dillard v Arrington, et al., A-C-89-72: 42 U.SC § 1983 complaint filed within the USDC/WDNC/AD raising issues concerning illegal confiscation/loss of personal property as resulting from illegal search and seizure; summary judgment entered for defendants and dismissed with prejudice

3. Dillard v Corn, 86 CvS ____ (Haywood County); complaint filed within the State Superior Court Division raising issues of breach of contract and fraud; voluntary dismissal upon settlement favorable to plaintiff

4. Dillard v ____, 86 CvS ____ (Haywood County); complaint filed within the State Superior Court Division raising issues of alienation of affection and criminal conversation; jury decision

ENTER for plaintiff

5. Dillard v Dillard, 86 CvS ___ (Haywood County); complaint filed within State Superior Court Division raising issues of theft and/or conversion of personal property; jury decision entered for plaintiff

6. Dillard v Dillard, 86 CvD ___ (Haywood County); complaint filed within State District Court Division raising issues for divorce from bed and board; Judgment entered by the Court for plaintiff to award spousal support to be diverted as payments of child support to be made to/through the Clerk of Superior Court, Haywood County

7. Dillard v Dillard, 97 CvD 395 (Nash County); complaint filed within State District Court Division raising issues of divorce/visitation rights; voluntary dismissal upon entry of agreement to proceed in Dillard v Dillard, 97 CvD ___ (Madison County), subsequently filed by adversarial party

8. Dillard v Vester, et al., 12 CvS 0135R (Haywood County); complaint filed within State Superior Court Division raising issues of willful fraud; summary judgment entered for plaintiff 10/15/14; affirmed within appellate proceedings; Dillard v Vester, et al., COA 15-1135 (05/03/16).

9. Dillard v Dillard, 13 CvD 11054 (Mecklenburg County); counter-claim complaint filed within State District Court Division raising issues for divorce from bed and board; entry of default judgment pending with equitable distribution of marital assets and spousal support; proceeding scheduled for 01/17/17.

10. Dillard v Vester, et al., 16 CuS ___ (Greene County); complaint submitted for filing within State Superior Court Division 11/30/16 raising issues in concern to a continuing pattern of illegal acts committed against plaintiff as manifested in the filing of false and malicious complaints with a public safety official/officer in seeking to inflict wrongful harm, prejudice, and/or punishment through manipulation of the power, position, and authority of the NCDPS over a prisoner within their custody and control; petition to sue as an indigent summarily denied by Order entered 12/12/16; petition for writ of certiorari filed with Court of Appeals of North Carolina 01/06/17, Dillard v Vester, et al., COA P17-14 [1].

11. Dillard v Perry, et al., 5:16-CT-3329-FL; 42 USC § 1983 complaint filed within the USDC/EDNC/RD raising issues of deprivation of vested rights as guaranteed by the 5th, 6th, 8th, and 14th Amendments to the Constitution of the US; filed 12/08/16; pending

---

[1]. Dillard v Vester, et al., COA P17-14; 01/06/17 filing of PWC denied by Order entered 01/25/17

Page 93 of 10

## IX.  PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

28 April 2017
Dated

Thomas T. Dillard, Jr.
Plaintiff's Signature

Thomas T. Dillard, Jr.
Printed Name

NCDPS Opus No. 0108182
Prison Identification #

| 243 Old NC 211 | RAEfoed | NC | 28376 |
|---|---|---|---|
| Prison Address | City | State | Zip Code |