IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3119-D

THOMAS T. DILLARD, JR., )
)
Plaintiff, )
)
v. ) **ORDER**
)
FRANK PERRY, et al., )
)
Defendants. )

On May 2, 2017, Thomas T. Dillard, Jr. ("Dillard" or "plaintiff"), filed this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 794 [D.E. 1]. On February 13, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 10], and recommended denying Dillard's class certification motion [D.E. 9]. Id. at 2. Judge Numbers also ordered Dillard to particularize his claims. Dillard objected to the M&R [D.E. 12], and filed numerous motions concerning Judge Numbers's particularization order [D.E. 13, 14, 18]. Dillard also requested injunctive relief [D.E. 15].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The M&R properly recommended denying Dillard's motion to represent other inmates in a class action. See, e.g., Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). Accordingly, the court overrules Dillard's objections to the M&R and denies his class certification motion [D.E. 9]. The court also overrules Dillard's objections concerning the appointment of counsel and requests for discovery, but considers whether Dillard's amended complaint complies with the particularization order.

As for Dillard's motion for injunctive relief [D.E. 15], a court may grant a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Dillard has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Dillard has failed to meet his burden of proof. Accordingly, the court denies the motion [D.E. 15].

Dillard's amended complaint does not comply with the particularization order or notice pleading. Dillard lists 76 defendants, including numerous John Doe defendants. See Am. Compl. [DE-18-1] 1–24. His allegations include ten different occurrences taking place at eight different

prisons over five years. Id. at 26. The amended complaint is rambling and disjointed and fails to connect specific defendants to specific violations. Dillard's amended complaint fails to give defendants notice of his claims or the facts upon which it rests. See, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Dillard also has failed to identify any defendant responsible for violating his rights. See id. Thus, Dillard's claims still fail to meet the requirements of notice pleading. Accordingly, Dillard's amended complaint is dismissed without prejudice for failing to comply with the particularization order.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 10], DENIES Dillard's motion for class certification [D.E. 9], and DENIES Dillard's motion for a preliminary injunction [D.E. 15]. The court GRANTS Dillard's remaining motions [D.E. 13, 14, 18] to the extent they request to amend his complaint, but otherwise DENIES the motions. Finally, the court DISMISSES Dillard's amended complaint without prejudice.

SO ORDERED. This 10 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge

3